UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN G. BOLLING, <br><br> Plaintiff, <br><br> v. <br><br> BRUCE DAVIS, et al., <br><br> Defendants. | Civil Action No. 19-18545 (RK) <br><br> MEMORANDUM & ORDER |

This matter has been opened to the Court by Plaintiff Stephen Bolling's motion for appointment of counsel. ECF No. 85. For the reasons explained in this Memorandum & Order, the Court grants Plaintiff's motion and appoints counsel pursuant to 28 U.S.C. § 1915(e)(1). The appointment is for a limited duration until the completion of discovery but may be extended, if warranted.

On February 5, 2020, the Honorable Freda L. Wolfson provisionally granted Plaintiff's IFP application and screened the original complaint for dismissal pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B). As explained in the Court's Screening Order, the Court allowed certain claims to proceed beyond the initial screening:

1. The § 1983 excessive force and sexual assault claims against Defendants Hansen and Santos in their personal capacities arising from the November 23, 2018 assault on Plaintiff shall PROCEED;
2. The § 1983 excessive force claims against Defendants Poupart, Mandapt, Groninger, Stuart, Gray, and Sgt. Patoe in their personal capacities arising from the May 1, 2019 assault on Plaintiff shall PROCEED;
3. The § 1983 excessive force claims against Defendant McLean, Officer Meja, and the John Doe Officers in their personal capacities arising from the June 4, 2019 assault on Plaintiff shall PROCEED; the Clerk of the Court shall add Officer Meja to the docket as a Defendant;

1

> 4. The First Amendment retaliation and § 1983 conspiracy claims against Defendants Zetti, Jennings, Manpoing, and Lt. Peterson shall PROCEED;
> 5. The § 1983 claims for damages against all Defendants <u>in their official capacities</u> are dismissed WITH PREJUDICE;
> 6. The remaining § 1983 claims are dismissed WITHOUT PREJUDICE for the reasons stated in the Opinion filed herewith. . . .

ECF No. 13; *see also* ECF No. 12. The Court dismissed <u>without prejudice</u> Plaintiff's claims regarding his placement in the Mental Health Crisis Stabilization Unit (MHCSU), claims related to Plaintiff's conditions of confinement in the MHCSU, claims of inadequate medical care arising from the assaults, claims of illegal search and deprivation of property, claims regarding denial of access to the courts, claims based on vicarious liability, and insufficiently pleaded claims against John and Jane Doe defendants. *See id.* The Court also denied without prejudice Plaintiff's motion for pro bono counsel and his request to bring this action on behalf of other special needs prisoners. *See id.*

At the time he filed his original Complaint, Plaintiff was incarcerated at New Jersey State Prison. On or about February 27, 2020, Plaintiff's sister informed the Court that Plaintiff had been transferred to Northern State Prison. ECF No. 15. After summons issued but prior to service of the Complaint, Plaintiff sought leave to amend his Complaint, which Magistrate Judge Goodman granted on June 18, 2020. The Magistrate Judge directed Plaintiff to file his Amended Complaint. ECF No. 25, 26. On October 14, 2020, Plaintiff's amended complaint, dated September 3, 2020, was received and docketed. ECF No. 35.

In broad strokes, the amended complaint arises from Plaintiff's incarceration at New Jersey State Prison and recounts: (1) Plaintiff's 2018 placement into a Mental Health Stabilization Unit where he alleges he experienced deplorable conditions and was mistreated, Am. Compl. ¶¶ 3–6; and (2) various incidents when he claims he was threatened, assaulted,

abandoned, and falsely charged by corrections officers. *See id.* ¶¶ 8–36. On October 22, 2020, the Magistrate Judge directed Plaintiff to return the U.S.M. forms for the Defendants listed in the Amended Complaint. ECF No. 37.

Shortly thereafter, Plaintiff once again sought to supplement his amended complaint, which was denied without prejudice by Magistrate Judge Goodman. ECF No. 38, 44. On April 9, 2021, Plaintiff also filed a motion for preliminary injunction to obtain a single cell. ECF Nos. 46-48. The matter was transferred to the Honorable Zahid N. Quraishi on June 24, 2021. ECF No. 49. On December 13, 2021, Judge Quraishi denied without prejudice Plaintiff's motion for a preliminary injunction for the following reasons:

> Plaintiff has been moved at least twice during the pendency of this matter. At the time he filed his Amended Complaint, he was in custody at New Jersey State Prison in Trenton. He filed the instant Motion for Injunctive Relief after he was re-located to Northern State Prison in Newark. (ECF No. 46-6.) He has since advised the Court that he was been moved to South Woods State Prison in Bridgeton. (ECF No. 50.) Based on the foregoing, the Court first finds that the issue with respect to double occupancy at Northern State Prison appears to be moot in light of Plaintiff's subsequent transfer to South Woods State Prison. Second, the Court finds that the Motion is improper insofar as it seeks relief for claims that have not been asserted in this action.

ECF No. 61.

By this time, many of the defendants sued in the amended complaint were served and answered, including, Bruce Davis, Administrator at NJSP; Craig Sears (incorrectly pleaded as Charles Sears), Asst. Commissioner, New Jersey Department of Corrections; SCPO Christopher Santos; SCPO Jonathan Mohammed (incorrectly pleaded as FNU Mohommad); SCPO Devon Archibald (incorrectly pleaded as FNU Archebald); SCPO Victor Poupart; SCPO Noah Groninger; SCPO William Gray; Sgt. Brian Patoe; SCPO Aaron McLean; Sgt. Akeisha Watters; SCPO Edgar Jennings; SCPO Christopher Zetty (incorrectly pleaded as FNU Zetti); Lt. Mitchell

Magpiong (incorrectly pleaded as Sgt. Manpoing); Lt. Michael Peterson; SCPO Jeans Mejia (incorrectly pleaded as officer Meja).[1] ECF Nos. 40, 43, 51. Summons was returned unexecuted as to Defendants Hansen, Mandapt, Stuart, DiFilipo, Reyes, and Dettore. *See* ECF Nos. 39, 41.

On March 8, 2022, Plaintiff once again sought leave to amend or supplement his complaint to add new facts, claims, and defendants. *See* ECF No. 65. Plaintiff included a declaration but did not include a proposed second amended complaint. *See id.* On June 15, 2022, Magistrate Judge Goodman denied without prejudice the motion to amend because Plaintiff did not include a proposed amended complaint. ECF No. 72. The Magistrate Judge directed Plaintiff to submit his amended complaint. ECF Nos. 72, 75.

On January 3, 2023, Plaintiff filed a proposed second amended complaint and a motion for a preliminary injunction. ECF Nos. 78, 79. In his motion for a preliminary injunction, Plaintiff once again sought to be housed in a single cell and also appeared to challenge loss of privileges he received for refusing a cellmate. *See* ECF No. 79. On January 4, 2023, Judge Quraishi entered a text order administratively terminating the motion for a preliminary injunction, pending the Court's screening of the proposed second amended complaint.[2] ECF No. 80.

On May 15, 2023, the matter was transferred to the undersigned, ECF No. 83, and on May 17, 2023, Plaintiff filed a new motion for pro bono counsel. ECF No. 85. At the time he

---

[1] Summons was returned executed as to Newsome, but he did not answer and is not represented by the state.

[2] The Court has authority to screen at any time under 28 U.S.C. § 1915(e)(2)(B); however, this matter has been pending for more than three years and is well beyond the preliminary screening stage. Indeed, many of the Defendants have answered and are participating in discovery. Because the Court grants Plaintiff's motion for counsel for a limited duration and permits appointed counsel to file a third amended complaint, it will not conduct additional screenings at this time.

filed his motion for pro bono counsel, Plaintiff had been transferred back to New Jersey State Prison, ECF No. 84-85, but, according to the New Jersey Department of Corrections Inmate Locator, he is currently incarcerated at Northern State Prison.[3]

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). The "critical threshold determination" for appointing counsel is whether the case "has arguable merit in fact and law." *See Tabron*, 6 F.3d at 158. In deciding whether to appoint counsel the Court also considers the following factors: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157.

The Court has reviewed Plaintiff's motion for counsel, ECF No. 85, in light of the *Tabron* factors and finds that appointment of counsel through the completion of discovery is warranted at this time. More than three years ago, on February 5, 2020, Judge Wolfson screened Plaintiff's original complaint under § 1915A and § 1915(e)(2)(B). Plaintiff's excessive force and retaliation claims, which are alleged in the amended complaints, survived screening and, thus, have arguable merit. And although excessive force claims are not particularly complex, they often involve credibility determinations by a factfinder and are incapable of resolution at summary judgment.

---

[3] *See* New Jersey Inmate Department of Corrections Inmate Locator, available at https://www20.state.nj.us/DOC_Inmate/details?x=1030347&n=0 (last visited July 10, 2023).

Plaintiff also alleges an additional claim(s) with arguable merit in his proposed second amended complaint. In his proposed second amended complaint and his motion for preliminary injunctive relief, Plaintiff alleges that he has Asperger's (or Asperger Syndrome), a type of Autism, and that he is unable to "double lock" with another inmate due to his diagnosis, his history of solitary confinement, and his history of being assaulted by corrections officers. He further alleges that he was transferred to a double lock cell at Northern State Prison shortly after Judge Wolfson screened his complaint in this action and permitted certain claims to proceed beyond screening. Although three mental health professionals at New Jersey State Prison recommended that he be housed in a single cell, he was assigned to a double lock cell upon arrival at Northern State Prison. *See* Second Am. Compl. ¶¶ 114-117. Plaintiff appears to allege a First Amendment retaliation claim and a condition of confinement and/or deliberate indifference claim based on his specific mental health conditions and history, and he seeks injunctive relief to require the NJDOC to house him in a single cell. *See* ECF No. 79.

In his motion for counsel and his complaints, Plaintiff also contends that he has spent the vast majority of his prison sentence in segregated confinement for mental health and disciplinary reasons and is unable to litigate his case effectively. Plaintiff contends that his Autism diagnosis and housing status impact his ability to investigate and present his case.

Plaintiff also states in his motion for counsel that he has been unable to locate the addresses of several NJDOC defendants. As such, counsel could assist in locating and serving these Defendants. Finally, Plaintiff is indigent and cannot afford to retain counsel.

For these reasons, the Court grants Plaintiff's motion for counsel for a limited duration and appoints counsel to represent Plaintiff in this matter through the close of discovery. The appointment of counsel may be extended by this Court or the Magistrate Judge, if warranted.

Counsel shall enter an appearance within 30 days of appointment and may submit a proposed third amended complaint within 60 days after his or her appointment after consulting with Plaintiff.[4] If counsel submits a third amended complaint, that complaint shall become the operative complaint in this matter, and counsel shall complete the U.S.M. forms for any unserved Defendants. If appointed counsel believes there is a valid basis for seeking preliminary injunctive relief regarding Plaintiff's housing status, he or she may also file a motion for injunctive relief.[5]

Plaintiff may not make pro se submissions once counsel enters an appearance for the duration of the appointment. The Court will also administratively terminate this matter pending the appointment of counsel.

**IT IS, THEREFORE**, on this 14th day of July 2023,

**ORDERED** that the motion for pro bono counsel (ECF No. 85) is GRANTED pursuant to 28 U.S.C. § 1915(e)(1) for a limited duration through the completion of discovery; and it is further

**ORDERED** that the Court requests an attorney to represent Plaintiff pro bono pursuant to 28 U.S.C. § 1915(e)(1); and it is further

**ORDERED** that counsel shall enter an appearance in this matter within 30 days of his or her appointment; and it is further

**ORDERED** that counsel may submit a third amended complaint within 60 days of his or her appointment; counsel also shall complete the U.S.M. forms for any unserved Defendants; and

---

[4] The Court notes that Plaintiff's second amended complaint appears to include claims and defendants unconnected to Plaintiff's original complaint. As such, appointed counsel should consider the Federal Rules governing joinder and supplemental complaints prior to filing a third proposed amended complaint.

[5] The motion for preliminary injunction filed by Plaintiff shall remain terminated.

it is further

**ORDERED** that Plaintiff may not submit pro se filings once counsel enters an appearance for the duration of the appointment; and it is further

**ORDERED** that in light of the appointment of counsel and for docket management purposes, the Court directs the Clerk of the Court **ADMINISTRATIVELY TERMINATE** this matter pending the assignment of counsel; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Plaintiff at the address on file and to Plaintiff at Northern State Prison.

Robert Kirsch
United States District Judge